IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII DISABILITY RIGHTS CENTER, a Hawaii corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SUSANNA F. CHEUNG, in her capacity as President and Chief Executive Officer of Opportunities for Retarded, Inc.; ANN K. HIGA, in her capacity as Vice President of Opportunities for the Retarded, Inc.; MARY REAVIS, in her capacity as Waiver Program Director of Opportunities for the Retarded, Inc.; and OPPORTUNITIES FOR THE RETARDED, INC., a Hawaii corporation,<br><br>Defendants. | CIVIL NO. CV05-00557 DAE-LEK<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.   NATURE OF THE CASE**

Plaintiff HAWAII DISABILITY RIGHTS CENTER ("Plaintiff") filed its Complaint on August 25, 2005 claiming to be the State of Hawaii's designated protection and advocacy system. In such capacity, Plaintiff claims entitlement to "unaccompanied access to the facilities, records, staff, and individuals with developmental disabilities, to monitor compliance with respect to the rights and safety of service recipients" pursuant to 42 U.S.C. §§ 15001 et

*seq*, and "access [to] all records of any person with developmental disabilities, and to advocate on the behalf of persons with developmental disabilities, to the extent required by federal law," pursuant to H.R.S. § 333F-8.5. (Compl. ¶¶ 2-3.) Plaintiff alleges that it was denied unaccompanied access to ORI's facilities, records, staff and residents.

Plaintiff is bringing claims against Defendant Cheung in her official capacity as the President and Chief Executive Officer of ORI (Compl. ¶ 8); Defendant Higa in her official capacity as Vice President of ORI (Compl. ¶ 9); and Defendant Reavis in her official capacity as Waiver Program Director of ORI (Compl. ¶ 10.)

## II. STANDARD ON A MOTION TO DISMISS

A Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such a dismissal is warranted where, accepting all allegations of material fact alleged in a Complaint as true, "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 44-45 (1957); Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994); Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).

In making this determination, however, a Court need not

accept legal or factual conclusions that "cannot reasonably be drawn from the facts alleged." Clegg, 18 F.2d at 755 citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (emphasis added). Moreover, a Court should not consider or assume that the plaintiff can prove facts that he has not alleged or that the Defendant has violated the law in ways not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Dismissal is therefore appropriate where a Court finds either a "lack of a cognizable legal theory or insufficient facts under a cognizable legal claim." Smilecare Dental Group v. Delta Dental Plan of Cal., 88 F.3d 780, 783 (9th Cir. 1996) (emphasis added); Robertson, 749 F.2d at 534. Dismissal is also appropriate based upon an affirmative defense which raises no disputed factual issues. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

### III. PLAINTIFF FAILS TO PLEAD FACTS ENTITLING IT TO RELIEF, THUS CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED

#### A. STANDARD ON A CLAIM AGAINST OFFICERS OR DIRECTORS OF A CORPORATION

"It is an established principle of corporations law that corporate directors are not liable merely by virtue of their office for. . . tortious wrongdoing committed by the corporation or its officers. L. B. Indus., Inc. v. Smith, 817 F.2d 69, 71 (9th Cir. 1987); See also Cahill v. Hawaiian Paradise Part Corp., 543 P.2d

1356, 1350 (Haw. 1975). "Instead, to be held liable a corporate officer or director must specifically direct, actively participate in, or knowingly acquiesce in the. . . wrongdoing of the corporation or its officers." L. B. Indus., 817 F.2d at 71; See also Coastal Abstract Services, Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 734 (9th Cir. 1999); Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985); Cahill, 543 P.2d at 1350. Finally, "it is a fundamental tenet that officers and directors lawfully acting on behalf of their corporation should do so at no risk of personal expense or liability in properly performing their duties. THC Fin. Corp. v. Haw. Corp., 446 F. Supp. 1329, 1331 (D. Haw. 1977).

Thus, to maintain a claim against the Individual Defendants in their official capacities, Plaintiff must allege facts that the Individual Defendants specifically directed, actively participated in, or knowingly acquiesced in wrongdoing of ORI. Plaintiff fails to do so, and brings claims against the Individual Defendants merely by virtue of their offices.

**B. PLAINTIFF FAILS TO ALLEGE THAT INDIVIDUAL DEFENDANTS DIRECTED, PARTICIPATED IN, OR KNOWINGLY ACQUIESCED IN ANY WRONGDOING**

In its Complaint, Plaintiff fails to allege that Individual Defendants participated in any wrongdoing or that they improperly performed their duties. The Plaintiff refers to the Individual Defendants twice in its Complaint. First, Plaintiff

- 4 -

alleges that, "At all relevant times, Individual Defendants CHEUNG, HIGA, and REAVIS knew of, or should have known of, the policies, practices, acts and conditions alleged [in the Complaint]" (Compl. ¶ 12.) This allegation is purely speculative and conclusory with no support in the Complaint. Nowhere in its Complaint does Plaintiff claim that any of the Individual Defendants directed, participated in, or knowingly acquiesced to any alleged wrongdoing. Thus no conclusion of wrongdoing by the Individual Defendants can reasonably be drawn from the facts alleged.

The second reference to any of the Individual Defendants occurs where Plaintiff alleges that, "On April 4, 2005, the Office of the Public Guardian ('OPG') gave written consent for HDRC to monitor five of its clients who were residents at the ORI facility. All were participants in the Medicaid-funded Home and Community Based Services waiver program ('HCBS') managed by Defendant Reavis" (Compl. ¶ 18.) This is the sole reference to Defendant Reavis and fails to allege that Defendant Reavis directed, participated in, or knowingly acquiesced to any alleged wrongdoing.

Moreover, the reference to Defendant Reavis demonstrates both the unreasonableness of Plaintiff's demands to gain access to ORI and Plaintiff's lack of understanding regarding ORI's operations. Although Defendant Reavis does manage the HCBS waiver program, this program is distinct from ORI's residential facility. Plaintiff's claim attempts to connect Defendant Reavis to alleged

wrongdoing at the residential facility (where she does not have managerial control) by virtue of the five clients' alleged participation in both the residential facility and the HCBS program. This logic and the claim based upon it must fail. At most, Plaintiff merely states that five of ORI's clients participate in two distinct programs, one of which is managed by Defendant Reavis. Wrongdoing by Defendant Reavis in her capacity as HCBS program manager cannot be reasonably inferred from the facts alleged. Thus, all claims against her should be dismissed.

**IV. CONCLUSION**

Based on the foregoing, DEFENDANTS SUSANNA F. CHEUNG, ANN K. HIGA, MARY REAVIS, AND OPPORTUNITIES FOR THE RETARDED, INC. respectfully request that this Court grant the instant Motion and the relief requested herein.

DATED: Honolulu, Hawaii, April 26, 2006.

_____
JOHN T. KOMEIJI
GREGG M. USHIRODA
KAREN Y. ARIKAWA
Attorneys for Defendants
**SUSANNA F. CHEUNG, ANN K. HIGA, MARY REAVIS, AND OPPORTUNITIES FOR THE RETARDED, INC.**