## MEMORANDUM IN SUPPORT OF MOTIONS FOR
## PRELIMINARY INJUNCTION AND SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff HAWAIʻI DISABILITY RIGHTS CENTER ("Plaintiff" or

"HDRC"), by and through its attorneys, Matthew C. Bassett and Louis Erteschik,

respectfully moves this Court to enter a preliminary injunction to order Defendants

SUSANNA F. CHEUNG, ANN K. HIGA, MARY REAVIS, and

OPPORTUNITIES FOR THE RETARDED, INC. (collectively, "Defendants" or

"ORI") to immediately provide HDRC with:

1.      Unannounced and unaccompanied access to the ORI facility for the

purpose of monitoring the health and safety of persons with disabilities;

2.      Unannounced and unaccompanied access to all individuals with

disabilities at ORI for the purpose of monitoring their health and safety; and

3.      Access to records of individuals with disabilities served by ORI,

pursuant to the provisions and timelines of the Developmental Disabilities

Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15001, *et seq.*

4.      Access to the ORI facility, individuals with disabilities, and records

pursuant to the specific terms and conditions set forth in the attached proposed

Order.

The Plaintiff also respectfully moves this Court to grant summary judgment in favor of HDRC, by ruling that, as a matter of law, HDRC is entitled to access the ORI facility, individuals and records, pursuant to the Access Protocol attached hereto as Exhibit "1".

## II. FACTUAL SUMMARY FOR BOTH MOTIONS

Defendant ORI participates in various programs funded by the federal government, including the provision of services to Medicaid-eligible persons with developmental disabilities and/or mental retardation and/or mental illness. ORI is therefore subject to periodic inspections by the Centers for Medicare & Medicaid Services ("CMS") of the U.S. Department of Health and Human Services.

A series of CMS surveys of ORI's Intermediate Care Facilities was completed in August and September of 2004. *See* CMS Surveys, attached hereto as Exhibit "2". The serious deficiencies uncovered by CMS auditors raised questions about the overall health and safety of people with disabilities at ORI. The problems identified by CMS included, but were not limited to:

a.   failure to properly assess a client's hearing function;

b.   failure to provide a proper diet;

c.   failure to provide meals on a timely basis (to a client with Diabetes);

d.   failure to provide informed consent before administering psychotropic medication;

2

e.   failure to ensure that employees were knowledgeable regarding
     facility policy and practices to ensure client protection;

f.   failure to provide timely follow-up care;

g.   failure to ensure that immunizations, as recommended by the
     Public Health Service Advisory Committee on Immunization
     Practices, were provided;

h.   failure to adequately train staff to control client seizures; and

i.   failure to ensure a sanitary environment in the clients' dining
     area during lunch and dinner.

For all deficiencies, ORI had pledged to complete its corrective actions no later than
October 29, 2004.

The Office of Health Care Assurance of the Hawai'i Department of Health
provided Plaintiff HAWAI'I DISABILITY RIGHTS CENTER ("HDRC"), with
copies of the CMS Audit reports. As the state's designated protection and advocacy
system, HDRC is congressionally authorized to monitor the health and safety of
persons with disabilities. *See* Affidavit of Gary L. Smith at ¶¶3, 5 and 6, attached
hereto. HDRC determined that the audit uncovered possible health and safety
violations, and assigned two advocates to monitor the corrective actions promised
by ORI. *See* Affidavit of Verna Waikiki at ¶9, Affidavit of Ida Yoshida at ¶7, both
attached hereto.

Commencing in December of 2004, the HDRC Advocates attempted to review records relating to corrective responses to the CMS findings, and to observe the facility and individuals with disabilities being served by ORI. Waikiki Aff. at ¶10, Yoshida Aff. at ¶8. There were many months of unreturned telephone calls and deliberate evasiveness and misinformation by the ORI Defendants, which are described in the attached affidavits. *See* Waikiki Aff. at ¶¶12-35, Yoshida Aff. at ¶¶10-30.

On August 4, 2005, Advocates Waikiki and Yoshida visited ORI to meet with the 5 HDRC clients, review records, and observe education, residence and employment activities. Waikiki Aff. at ¶¶32-33, Yoshida Aff. at ¶¶28-29. The Advocates had signed consents from the respective legal guardians, authorizing them to meet with these HDRC clients and review their records, including their financial documents. Waikiki Aff. at ¶¶22-23, Yoshida Aff. at ¶¶18-19. Upon arrival, the HDRC Advocates were stopped in the reception room and verbally informed that they could not view or enter the ORI facilities, meet with their clients, or review records. Waikiki Aff. at ¶33, Yoshida Aff. at ¶29.

Although required by law, no written explanation was ever provided by ORI to state the reason(s) for denying the HDRC Advocates unannounced and unaccompanied access to the facility and individuals, or access to records in compliance with disability rights statutes, on August 4, 2005. Waikiki Aff. at ¶35,

4

Yoshida Aff. at ¶31.

## III. PROCEDURAL BACKGROUND FOR BOTH MOTIONS

HDRC filed the Complaint for Declaratory and Injunctive Relief on August 25, 2005, alleging violations of the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15001, *et seq.*, and supplemental jurisdictional claims under Hawai'i Revised Statutes, H.R.S. § 333F-8.5. ORI filed its Answer to the Complaint on October 4, 2005.

The Parties agreed to early settlement negotiations at the November 21, 2005 scheduling conference. Settlement conferences before the Honorable Leslie E. Kobayashi commenced on December 20, 2005. Supplemental briefs were submitted on January 5, 2006. During settlement negotiations, the Parties set aside discovery efforts while working towards early settlement.

Protocols to establish access guidelines were exchanged by the Parties on December 14, 2005, prior to the first settlement conference. Each party found the other protocol unacceptable. At the Court's suggestion, ORI submitted a revised Access Protocol. The second protocol, as revised by HDRC, was rejected by ORI on or about March 10, 2006.

## IV. LEGAL BACKGROUND FOR BOTH MOTIONS

Congress passed the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. §15001, *et seq.*, and the Protection and

Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. § 10801, *et seq.*, because of widespread concern over instances of abuse of persons with disabilities in private institutions such as ORI. *See* <u>Alabama Disabilities Advocacy Program v. J.S. Tarwater Developmental Center</u>, 97 F.3d 492, 494 (11th Cir. 1996); <u>Protection & Advocacy for Persons with Disabilities v. Armstrong</u>, 266 F.Supp.2d 303, 309 (D.Conn. 2003).

The DD and PAIMI Acts established the Protection and Advocacy ("P&A") System to investigate and remedy abuse and neglect of persons with developmental disabilities and mental illness, and to provide them with legal representation and advocacy services. 42 U.S.C. § 15001, *et seq.*, 42 U.S.C. § 10805. The P&A system is a nationwide network of disability rights agencies that are mandated and designated for every state and territory of the United States. 42 U.S.C. § 15043(a)(2)(A)(i).

HDRC is a nonprofit corporation formed in the State of Hawai'i in 1977. Smith Aff. at ¶3. HDRC has been designated as the Protection and Advocacy ("P&A") system for persons with disabilities in the State of Hawai'i by a series of Executive Orders starting in 1977. Smith Aff. at ¶4.

Both the DD and PAIMI Acts provide federal funds to states in exchange for their creating independent P&A systems to, among other things:

6

...ensure the protection of, and advocacy for, the rights of such individuals [with developmental disabilities] within the State who are or who may be eligible for treatment, services, or habilitation...

42 U.S.C. § 15043(a)(2)(A)(i); and

...ensure the protection of individuals with mental illness who are receiving care or treatment in the State...

42 U.S.C. § 10805(a)(1)(B).

HDRC is also authorized under Hawai'i statutes to "provide advocacy services to persons with developmental disabilities and mental illness". H.R.S. § 333F-8.5.

In order to protect the rights of individuals with disabilities to be free from abuse and neglect, HDRC, as the protection and advocacy system for the State of Hawai'i, has the broad authority to access individuals with disabilities and their records, and to monitor the facilities that serve them. 42 U.S.C. § 15043 (a)(2)(I)(i)-(iii), 42 U.S.C. § 15043(a)(2)(H), 45 C.F.R. §§ 1386.22(f)-(g); 42 U.S.C. §§ 10805(a)(3)-(4); 42 C.F.R. §§ 51.42(a)-(b), *see also* Smith Aff. at ¶¶5-6.

The implementing regulations for the DD Act describe HDRC's investigative and monitoring authority, as a protection and advocacy system, in detail:

(g) [T]he system and all of its authorized agents **shall have unaccompanied access to all residents of a facility** at reasonable times, which at a minimum shall include normal working hours and visiting hours, for the purpose of:
(1) Providing information and training on, and referral to, programs addressing the needs of individuals with developmental

disabilities, and the protection and advocacy services available from the system, including the name, address, and telephone number of the system and other information and training about individual rights; and

      **(2) Monitoring compliance with respect to the rights and safety of service recipients.**

      **(h) Unaccompanied access** to residents of a facility **shall include the opportunity to meet and communicate privately with such individuals regularly, both formally and informally, by telephone, mail and in person.**

45 C.F.R. § 1386.22(g)-(h) (**emphasis added**).

ORI is a provider of adult day programs, and educational, residential, and vocational services to individuals with developmental disabilities and/or mental retardation and/or mental illness. It is a "location in which services, supports and other assistance are provided" to individuals with developmental disabilities under the DD Act (42 U.S.C. § 15043(a)(2)(H)), and a "facilit[y] in the State providing care and treatment" under the PAIMI Act (42 U.S.C. § 10805(a)(3)).

If a facility refuses to provide a P&A system with access to its premises, individuals in the facility, or records, it must provide the P&A with a prompt written explanation for the denial. 45 C.F.R. § 1386.22(i); 45 C.F.R. § 51.43.

## V. STANDARD FOR PRELIMINARY INJUNCTION

In order to be awarded a preliminary injunction, a Plaintiff must satisfy the requirements set forth in <u>State of Alaska v. Village of Venetie</u>, 856 F.2d 1384 (9th Cir. 1988), and its progeny. <u>Venetie</u> states that a movant is "entitled" to injunctive relief if either:

1. They demonstrate
   a probable success on the merits, and
   a possibility of irreparable injury;
2. *or* if they demonstrate
   a fair chance of success on the merits (i.e. serious questions
   are raised), and
   the balance of hardships tips sharply in their favor.

Id. at at 1389. (*emphasis added*)

The alternatives in the above standard represent "extremes of a single continuum," rather than two separate tests. Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978).

> The critical element in determining the test to be applied is the relative hardship to the parties. If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly.

Venetie, *supra*, at 1389. (citing Aguirre v. Chula Vista Sanitary Services, 542 F.2d 779 (9th Cir. 1976)). A "serious question" is one on which the movant has a "fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

In addition to the traditional factors, the Court may consider the public's interest concerning the injunction sought. United States v. Odessa Union Warehouse Co-op, 833 F. 2d 172, 176 (9th Cir. 1987).

Jurisdictions have consistently exercised their discretion to not require the moving party to post a bond where either (1) the party lacks financial resources or

(2) the suit is brought to protect important federal interest. *See* 7 MOORE'S

FEDERAL PRACTICE ¶ 65.09, at 65-154-55 (1995); 11A Wright, Miller & Kane,

FEDERAL PRACTICE AND PROCEDURE § 2954 at 298-300 (1995). *See also*

California ex rel. Van de Kamp v. Tahoe Regional Planning Agency, 766 F.2d 1319

(9th Cir. 1985) (district court allowed environmental group seeking injunction to

prohibit regional planning agency from taking any action to amend regional plan to

proceed without posting a bond).

## VI. ALL REQUIREMENTS FOR A PRELIMINARY INJUNCTION HAVE BEEN SATISFIED

### A. HDRC Will Suffer Imminent And Irreparable Harm If Its Motion For A Preliminary Injunction Is Denied.

HDRC satisfies the requirement of a "clear showing" that it will suffer

irreparable harm in the absence of preliminary injunctive relief. If HDRC is denied

unannounced and unaccompanied access to the ORI facility and to individuals with

disabilities served by ORI, and is denied access to records, HDRC cannot be

"effective" in monitoring the health and safety of the community of persons that it

has been Congressionally mandated to protect. 42 U.S.C. § 15043; 42 U.S.C. §

10805.

Courts in many jurisdictions have held that a P&A suffers imminent and

irreparable harm, and is thus entitled to preliminary and permanent injunctive relief,

when it is denied access to persons and information it needs. *See, e.g.* Equip for

10

*Equality, Inc. v. Ingalls Memorial Hospital*, 292 F.Supp.2d 1086 (N.D. Ill. 2003);

*Robbins v. Budke*, 739 F.Supp. 1479 (D. N.M. 1990); *Alabama Disabilities*

*Advocacy Program v. J.S. Tarwater Developmental Center*, 97 F.3d 492 (11th Cir.

1996); *Pennsylvania Protection and Advocacy v. Houston*, 228 F.3d 423 (3d Cir.

2000); *Mississippi Protection and Advocacy System, Inc. v. Cotten*, 929 F.2d 1054

(5th Cir. 1991); *Protection & Advocacy For Persons With Disabilities v.*

*Armstrong*, 266 F.Supp.2d 303 (D. Conn. 2003); *Arizona Center for Disability Law*

*v. Allen*, 197 F.R.D. 689 (D. Az. 2000); *Wisconsin Coalition for Advocacy, Inc. v.*

*Czapelewski*, 131 F.Supp.2d 1039 (E.D. Wis. 2001); *Advocacy Center v. Salder*,

128 F.Supp.2d 358 (M.D. La. 1999); *Iowa Protection and Advocacy Services, Inc.*

*v. Gerard Treatment Programs, L.L.C.*, 152 F.Supp.2d 1150 (N.D. Iowa 2001); *Iowa*

*Protection and Advocacy Services, Inc. v. Rasmussen*, 206 F.R.D. 630 (S.D. Iowa

2001).

In *Czapelewski*, the P&A for the State of Wisconsin filed suit to compel

access to records and other information. The Court granted the P&A's Motion for a

Preliminary Injunction, holding that the Defendant's refusal to provide the

information irreparably harmed the P&A under both the DD and PAIMI Acts. The

Court held:

> the defendant's refusal to provide [the P&A] with records that it is
> entitled to review (indeed, charged to review as a part of its

responsibilities) does, in a very real and readily identifiable way, pose a threat to the [P&A's] being able to discharge its obligations.

Id. at 1051. In the case at bar, ORI's refusal to allow the requested unannounced and unaccompanied access to facilities and persons, and to access records pursuant to the DD Act, more than "pose[s] a threat" to HDRC's ability to discharge its obligation to effectively monitor the treatment and services provided to persons with disabilities.

In contemplation of the special needs, vulnerabilities and limitations of the community it is supposed to serve, the DD and PAIMI Acts mandate that persons with disabilities have a right to have "in effect" a system of protection and advocacy. 42 U.S.C. § 15043. Courts have interpreted this mandate to mean that a P&A system must be "effective" in all areas where it exercises its authority. *See* Cotten, *supra*, at 1058-59 (considering 42 U.S.C. § 6042, which has been amended and restated as 42 U.S.C. § 15043):

> [The DD Act] gives to the institutionally developmentally disabled the right to an effective protection and advocacy system… The Act not only describes the range of services to be provided by the protection and advocacy systems, it also states that systems "must have the authority" to perform these services.

Without unannounced and unaccompanied access to the facility and persons at ORI, HDRC will be unable to fully and adequately conduct and complete its obligation to monitor the health and safety of persons with disabilities, because it

cannot freely access, communicate, and consult with the persons it is mandated to protect. The ability to openly discuss preferences for employment, independent living, education, finances, and placement will be severely impaired or restricted.

HDRC will be imminently and irreparably harmed, and will continue to be so if its Motion for Preliminary Injunction is not granted, because it is prevented from accessing the records of persons at ORI. HDRC cannot review relevant records to insure that clients of the P&A system are free from abuse and neglect, including financial exploitation.

Without the unannounced and unaccompanied access to the ORI facility and individuals, and the disclosure of records under the DD Act sought in its Motion for Preliminary Injunction, the harm to HDRC will be imminent and irreparable, because the agency will not be able to fulfill its statutory obligation to have an *effective* protection and advocacy system to protect the rights of persons with disabilities, as mandated by 42 U.S.C. § 15043(a)(1).

**B.** **ORI Will Not Suffer Irreparable Harm If HDRC's Motion Is Granted.**

ORI will suffer little or no harm, let alone any irreparable harm, if HDRC's motion is granted. The proper release of records to a P&A and granting of unannounced and unaccompanied access to individuals with disabilities and the facilities that serve them does not impose any substantial burdens on ORI other than what they are already required to do under law. Compliance with the DD and

PAIMI Acts does not place any additional burden on ORI, because they are obligated to comply with these statutes in any event.

Courts have uniformly held that an entity suffers little or no harm when it is required to provide a P&A with access to facilities, individuals and records. In Czapelewski, the Defendant argued that it would be harmed if it was required to provide documents and information to a P&A. The District Court disagreed and held that an injunction would, rather, protect it from any harm noting, "[a]fter all, the defendants could hardly be punished for complying with a federal Court Order." Czapelewski, *supra*, at 1052. *See also*, Advocacy Center v. Stalder, 128 F.Supp.2d 358, 368 (M.D. La. 1999) ("[i]ssuance of a permanent injunction in this case does not subject the defendants to a penalty or a hardship since it requires them to do exactly what the act requires, i.e., to comply with the law.").

**C.    The "Balance Of Hardships" Tips Decidedly In HDRC's Favor.**

When this Court "balances the hardships" in this case, the balance "tips sharply" in HDRC's favor. Venetie, *supra*, at 1389.

If HDRC's motion is denied, it will be unable to carry out its statutory obligation to consult with and advise individuals with disabilities, review their records, and monitor the facilities and services that they receive. Such a result would "in a very real and readily identifiable way, pose a threat to [HDRC's] being able to discharge its obligation[s]." Czapelewski, *supra*, at 1051. HDRC has been

charged by Congress and the State of Hawai'i to protect and advocate for persons with disabilities. Congress intended that the State of Hawai'i, like other states, have "effective" P&A systems, not simply *pro forma* organizations that have the theoretical power to investigate cases of possible neglect but no effective way to carry out those investigations. Mississippi Protection and Advocacy System v. Cotten, 929 F.2d 1054, 1058 (5th Cir. 1991). If HDRC does not have unannounced and unaccompanied access to persons with disabilities and the facilities that care for them, and their records as required by law, it will be rendered ineffectual and unable to fulfill its most fundamental P&A duty.

Conversely, if HDRC's Motion for a Preliminary Injunction is granted, ORI will merely be required to provide access and information that the law already requires it to provide. Arguably, should this Court order ORI to provide the access requested, it will be shielded from any harm or liability that could theoretically result. Czapelewski, *supra*, at 1052.

## D.    HDRC Is Likely To Succeed On The Merits.

HDRC is likely to prevail on the merits of this case. DD Act regulations unambiguously impose a binding obligation on ORI to allow HRDC unaccompanied access to all the residents of its facility. 45 C.F.R. § 1386.22(g) and (h). This explicit right of access is couched in mandatory and not precatory terms and is only conditioned that such access be accomplished "...at reasonable

15

times, which at a minimum shall include normal working hours and visiting hours...". Id. It is very clear that in this case, ORI violated DD Act regulations by denying HRDC Advocates the right to unaccompanied access to the residents of ORI.

Courts have uniformly granted injunctions to P&As to allow them to receive the access and information they sought. *See, e.g.* Equip for Equality, Inc. v. Ingalls Memorial Hospital, 292 F.Supp.2d 1086 (N.D. Ill. 2003); Robbins v. Budke, 739 F.Supp. 1479 (D. N.M. 1990); Alabama Disabilities Advocacy Program v. J.S. Tarwater Developmental Center, 97 F.3d 492 (11th Cir. 1996); Pennsylvania Protection and Advocacy v. Houston, 228 F.3d 423 (3d Cir. 2000); Mississippi Protection and Advocacy System, Inc. v. Cotten, 929 F.2d 1054 (5th Cir. 1991); Protection & Advocacy For Persons With Disabilities v. Armstrong, 266 F.Supp.2d 303 (D. Conn. 2003); Arizona Center for Disability Law v. Allen, 197 F.R.D. 689 (D. Az. 2000); Wisconsin Coalition for Advocacy, Inc. v. Czapelewski, 131 F.Supp.2d 1039 (E.D. Wis. 2001), Advocacy Center v. Salder, 128 F.Supp.2d 358 (M.D. La. 1999), Iowa Protection and Advocacy Services, Inc. v. Gerard Treatment Programs, L.L.C., 152 F.Supp.2d 1150 (N.D. Iowa 2001); Iowa Protection and Advocacy Services, Inc. v. Rasmussen, 206 F.R.D. 630 (S.D. Iowa 2001).

In the instant case, HDRC advocates attempted to monitor the facility and the health and safety of ORI clients, including the 5 specific HDRC clients with

disabilities at ORI. Waikiki Aff. at ¶¶22-24, Yoshida Aff. at ¶¶18-20. ORI denied the advocates unannounced and unaccompanied access to the facility and individuals on multiple occasions. Waikiki Aff. at ¶¶26-27, 30 and 33, Yoshida Aff. at ¶¶22-23, 26 and 29.

The advocates sought to review records to determine whether the financial irregularities raised by the guardians for the 5 HDRC clients existed. Waikiki Aff. at ¶¶23-24, 27 and 32, Yoshida Aff. at ¶¶19-20, 23 and 28. Based upon the guardians' requests and with signed consents, HDRC advocates went to ORI to speak to HDRC clients and review relevant records. Waikiki Aff. at ¶¶23, 27 and 33, Yoshida Aff. at ¶¶22-23 and 29. ORI continued to deny HDRC access to records even when the signed consents were presented. Waikiki Aff. at ¶¶27, 33, Yoshida Aff. at ¶23, 29.

The HDRC advocates also attempted to follow-up on the health and safety issues raised in the CMS Audit by monitoring ORI's proposed plan of corrective action. Waikiki Aff. at ¶¶9-11, 13, 15, 28-29, and 31-33, Yoshida Aff. at ¶¶7-9, 11, 14, 24-25, and 27-29. The advocates were denied any access to the corrective plan documents. Waikiki Aff. at ¶¶11-15, 19, 29, 31-33, Yoshida Aff. at ¶¶9-11, 14, 25, 27-29.

ORI's actions are clear violations of the HDRC's access authority under the DD and PAIMI Acts and the respective implementing regulations. 42 U.S.C. §

15043(a)(I)(i), 45 C.F.R. § 1386.22(a)(1); 42 U.S.C. § 10805(a)(4)(A), 42 C.F.R. §§ 51.41(a) and (b)(1).

Furthermore, ORI did not at any time provide a prompt written explanation for its denial of access to HDRC representatives (Waikiki Aff. at ¶35, Yoshida Aff. at ¶31), as required by the 45 C.F.R. § 1386.22(i) of the DD Act regulations.

HDRC presents the "serious question" of whether it will be able to fulfill its statutorily mandated obligation to fully and adequately monitor persons with developmental disabilities and mental illness. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750 (9th Cir. 1982). ORI's refusal to provide HDRC with the unannounced and unaccompanied access that it is required to provide under the DD and PAIMI Acts satisfies the "serious question" standard. ORI increased the gravity of the "serious question" by its added failure to provide a prompt written explanation for its denial of access. Waikiki Aff. at ¶35, Yoshida Aff. at ¶31.

As a result of these unlawful actions, HDRC cannot freely observe the conditions and services at the ORI facility, consult with persons with disabilities in strict confidence, or privately review their treatment and financial records. Therefore, HDRC's federal obligation to monitor the health and safety of its clients at ORI is substantially obstructed. If HDRC cannot have unannounced and unaccompanied access to persons with disabilities, view the provision of services in

facilities, or review records, it cannot be an "effective" P&A system. Cotten, *supra*, at 1058.

The affidavits, declaration of counsel, and the exhibits attached hereto, lend clear evidence that ORI has obstructed, and continues to obstruct, HDRC's statutory duty to protect and advocate for the rights of individuals with disabilities.

## E.      The Public Interest Will Be Served By Granting HDRC's Motion.

A preliminary injunction will restore the statutory rights of HDRC and its clients with disabilities, thereby serving the public interest. Courts have ruled that the right of access that will be protected by an injunction is enjoyed by both the P&A and its clients with disabilities. *See* Robbins, *supra*, at 1487, and Ingalls, *supra*, at 1099-1100.

Furthermore, a preliminary injunction will protect Congress' mandate under the DD and PAIMI Acts that Hawai'i have an "effective" P&A system. 42 U.S.C. § 15043(a)(1); *see also* Cotten, *supra*, at 1058.

Granting HDRC's Motion for Preliminary Injunction will further the public's interest in eliminating the mistreatment of persons with disabilities (Thomas by Thomas v. Davidson Academy, 846 F.Supp. 611 (M.D. Tn. 1994)), by allowing HDRC to do that which Congress intended it to do: protect and advocate for persons with disabilities through education, investigation, and, in the instant case, monitoring of the treatment and services provided to them by private facilities like

19

ORI. 42 U.S.C. § 15001, *et seq.*; 42 U.S.C. § 10805.

**F.   Bond Should Not Be Required.**

This is an appropriate case to excuse Plaintiffs from the security requirement.
On the one hand, the claims are serious, substantial, and violations of law are
disturbingly evident.  On the other hand, as this Court is undoubtedly aware,
requiring a bond would deny relief to not only the Plaintiffs, but to the community
of disabled persons that it is Congressionally mandated to protect.

**G.   State Law Violations Also Require Injunctive Relief.**

It is undisputed that HDRC, as the designated protection and advocacy
system for this state, has statutory authority under Hawai'i law to provide advocacy
services to, and access records of, all persons with developmental disabilities and
mental illness:

> (c)   [HDRC]…shall have access to all records of any person
> with developmental disabilities or mental illness, to the extent required by
> federal law.
> (d)   [HDRC]…shall provide those advocacy services to persons
> with developmental disabilities or mental illness as required by federal
> law.

H.R.S. § 333F-8.5(c) and (d).

The foregoing provisions were violated when ORI denied advocates from
HDRC unannounced and unaccompanied access to the ORI facility and persons
with disabilities, and denied them access to records under the DD Act, on August 4,

2005. Waikiki Aff. at ¶33, Yoshida Aff. at ¶29.

Hawai'i's statutory scheme fully supports P&A authority under federal law,
and repeated and ongoing violations of H.R.S. § 333F-8.5 warrant an injunction and
an award of summary judgment.

## VII. STANDARD FOR SUMMARY JUDGMENT

Summary judgment shall be granted where there is no genuine issue of
material fact and the moving party is entitled to judgment as a matter of law. Fed.
R. Civ. P. 56(c). One of the principal purposes of the summary judgment procedure
is to identify and dispose of factually unsupported claims and defenses. Celotex
Corp. v. Catrett, 477 U.S. 317, 323-24; 106 S.Ct. 2548, 2553 (1986). Summary
judgment must be granted against a party who fails to demonstrate facts to establish
an element essential to his case where that party will bear the burden of proof of
that essential element at trial. Id. at 322, 106 S.Ct. at 2552.

> If the party moving for summary judgment meets its initial burden of
> identifying for the court the portions of the materials on file that it
> believes demonstrate the absence of any genuine issue of material fact,
> the nonmoving party may not rely on the mere allegations in the
> pleadings in order to preclude summary judgment.

T.W. Electrical Serv. v. Pacific Elec. Contractors Assoc., 809 F.2d 626, 630 (9th
Cir. 1987) (citations omitted). Rule 56(e) requires that the nonmoving party set
forth, by affidavit or as otherwise provided in Rule 56, "'specific facts showing that
there is a genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)) (emphasis

added).  At least some "'significant probative evidence tending to support the complaint'" must be produced.  Id. (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290; 88 S.Ct. 1575, 1593 (1968)).  Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment.  British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790 (1979).  The question is whether "reasonable minds could differ as to the import of the evidence."  Eisenberg v. Ins. Co. of North America, 815 F.2d 1285, 1289 (9th Cir. 1987) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986)).

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."  California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006, 108 S.Ct. 698 (1988).  Moreover, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986) (footnote omitted).  Indeed, "if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to

show that there is a genuine issue for trial." <u>Franciscan Ceramics</u>, 818 F.2d at 1468 (emphasis in original) (citing <u>Matsushita</u>, 475 U.S. at 587, 106 S.Ct. at 1356). Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. <u>T.W. Elec. Services</u>, 809 F.2d at 630-31.

## VIII. ALL REQUIREMENTS FOR SUMMARY JUDGMENT HAVE BEEN SATISFIED

### A. <u>Unannounced and Unaccompanied Access</u>.

It is undisputed that P&A systems like HDRC have the right of reasonable unaccompanied access to facilities to monitor compliance with patient's rights and safety. The right exists without a court order, complaint, or a specific investigation. <u>Equip for Equality, Inc. v. Ingalls Memorial Hospital</u>, 292 F.Supp.2d 1086, 1099 (N.D. Ill. 2003).

The <u>Ingalls</u> Court also ruled that "surprise is an element of effective monitoring" (<u>Id.</u> at 986) in affirming the P&A agency's right to unannounced and unaccompanied access to the facility and its patients, from 6:00 am to 12:00 am (midnight).

### B. <u>No Genuine Issues of Material Fact Remain</u>.

In the record before this Court, ORI has raised issues that are not material to the instant motions for preliminary injunction and summary judgment, nor do they justify the denial of access. The possible defenses that have been raised and could

be raised by the Defendants, including HIPAA privacy restrictions and Department of Defense confidentiality, cannot, as a matter of law, justify the denial of access under the DD and PAIMI Acts.

## 1. Admissions by the Defendant.

Defendants' Answer to the Complaint admits that they allowed only accompanied access to 4 individuals who were present. Answer at ¶14. This constitutes an admission that the Defendants did not permit unaccompanied access. It is a matter of law that this admission violates the P&A access provisions of the DD and PAIMI Acts. 45 C.F.R. § 1386.22(g)(2) and (h); 42 C.F.R. § 51.42(c)(2) and (d).

## 2. Denial of Unannounced and Unaccompanied Access to the Facility and Individuals.

It is undisputed that HDRC has been designated as this state's Protection and Advocacy system. *See* Smith Aff. at ¶4.

It is undisputed that Ms. Waikiki and Ms. Yoshida are HDRC Advocates who were authorized to visit the ORI facility, meet with individuals with disabilities served by ORI, and review client records and information related to the CMS corrective plan. Waikiki Aff. at ¶¶9, 22-24, Yoshida Aff. at ¶¶7, 18-20.

It is undisputed that Ms. Waikiki and Ms. Yoshida made several lawful attempts to visit the ORI facility and individuals served by ORI, and were

unlawfully denied. Waikiki Aff. at ¶¶11, 15-16, 19, 26, 28, and 33, Yoshida Aff. at ¶¶9, 11-12, 14, 22, 26, and 29.

It is undisputed that the DD Act mandates the designated P&A system to be granted unannounced and unaccompanied access to facilities and individuals. 45 C.F.R. § 1386.22(f) and (g).

Therefore, it is undisputed that the ORI Defendants denied HDRC Advocates unannounced and unaccompanied access to the facility and persons with disabilities. Waikiki Aff. at ¶33, Yoshida Aff. at ¶29. It is a matter of law that this denial violated the P&A access provisions of the DD and PAIMI Acts. 45 C.F.R. § 1386.22(g)(2) and (h); 42 C.F.R. § 51.42(c)(2) and (d).

**3.    Denial of Access to Records After Consents Were Provided.**

It is undisputed that the consent-to-disclose documents presented by HDRC advocates were signed by the respective legal guardian for each of 5 specific HDRC clients at ORI, and presented to the Defendants on July 18, 2005. Waikiki Aff. at ¶¶24, 27, Yoshida Aff. at ¶¶20, 23.

It is further undisputed that ORI disregarded the guardians' consents when it denied HDRC access to the requested records. Waikiki Aff. at ¶33, Yoshida Aff. at ¶29. It is a matter of law that the DD Act requires that a P&A be granted access to records within 3 business days from the written request. 42 U.S.C. § 15043(a)(I)(i), 45 C.F.R. § 1386.22(a)(1); 42 U.S.C. § 10805(a)(4)(A), 42 C.F.R. 51.41(a) and

(b)(1).  It is a matter of law that this denial violates the P&A records access provisions of the DD and PAIMI Acts.  42 U.S.C. § 15043(a)(I)(i), 45 C.F.R. § 1386.22(a)(1); 42 U.S.C. § 10805(a)(4)(A), 42 C.F.R. 51.41(a) and (b)(1).

### 4.    Failure to Provide a Written Explanation.

It is undisputed that, under the DD and PAIMI Act regulations, all denials of access to a P&A must be explained promptly in writing.  45 C.F.R. §§ 1386.22(i), 42 C.F.R. § 51.45.

It is further undisputed that, if ORI had any concerns about the duration and validity of the consents at the time they were presented, they were required to furnish a prompt written explanation to HDRC.  45 C.F.R. §§ 1386.22(i), 42 C.F.R. § 51.45.

It is undisputed that ORI did not provide such an explanation.  Waikiki Aff. at ¶35, Yoshida Aff. at ¶31.

It is a matter of law that this failure to provide a provide a prompt written explanation for denial of access violates the P&A access provisions of the DD and PAIMI Acts.

## C.    Plaintiff is Entitled to Summary Judgment as a Matter of Law.

ORI has not presented any genuine issues of material fact.  All claims and defenses expressed by ORI are inconsequential, immaterial, unfounded, and are cited for the sole purpose of obstructing or denying access to HDRC.

In the absence of any genuine issues of material fact, and with the clear violations of the DD and PAIMI Acts noted herein, HDRC respectfully submits that "there can be but one reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Judgment is appropriate as a matter of law. Celotex, *supra*, at 323.

Because there is no evidence upon which a jury could reasonably find in the Defendants' favor, HDRC is entitled to summary judgment as a matter of law on the issue of unannounced and unaccompanied access to the ORI facility and individuals with disabilities, and access to records pursuant to the DD Act. Anderson, *supra*, at 248-52.

## X. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court:

1.    Grant its Motion for Preliminary Injunction to ENJOIN the Defendants from denying HDRC unannounced and unaccompanied access to the ORI facility and the individuals with disabilities therein

2.    ENJOIN the Defendants from continuing to deny access to records pursuant to the DD and PAIMI Acts.

3.    ENJOIN the Defendants from policies and practices that hinder, impede, frustrate or obstruct access to the ORI facility, individuals with disabilities, and records.

4.    ORDER the Defendants to immediately provide access to the ORI facility, individuals with disabilities, and records pursuant to the specific terms and conditions set forth in the attached proposed Order.

5.    GRANT summary judgment in favor of HDRC, by ruling that the Plaintiffs are entitled as a matter of law to access the ORI facility, individuals and records, pursuant to the Access Protocol attached hereto as Exhibit "1".

DATED:  Honolulu, Hawai'i, April 26, 2006.


MATTHEW C. BASSETT
LOUIS ERTESCHIK

Attorneys for Plaintiff
HAWAI'I DISABILITY RIGHTS CENTER